# IN THE COURT OF APPEALS OF IOWA

No. 18-0630
Filed May 15, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ROBIN RAY KEITH,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Lucas County, Patrick W. Greenwood, Judge.

Robin Keith appeals following pleas of guilty. **AFFIRMED.**

Jeffrey M. Lipman of Lipman Law Firm, P.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Tabor, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DANILSON, Senior Judge.**

Pursuant to a plea agreement, Robin Keith agreed to plead guilty to exercising control over stolen property in the second degree in exchange for the dismissal of a third-degree burglary charge. The plea agreement also involved two other felony cases, in which the State agreed to amend a first-degree burglary charge to two serious misdemeanors and a felony forgery charge to an aggravated misdemeanor forgery charge. Keith entered written guilty pleas to the reduced and amended offenses. He waived preparation of a presentence investigation report and proceeded to immediate sentencing. No motion in arrest of judgment was filed.

Keith appeals, contending trial counsel was ineffective and the court erred in accepting his plea. He asserts the "strong and unfamiliar psychological medication" he was taking interfered with his cognitive abilities and prevented him from understanding his rights and the consequences of entering a guilty plea. He argues counsel failed to file a motion in arrest of judgment and failed to investigate the cognitive effects of his medications. Keith also claims the record was inadequate to determine if the medications interfered with his understanding of the proceedings.

We conclude the record before us is not adequate to explore this ineffective-assistance-of-counsel claim and we preserve the claim for possible postconviction-relief proceedings. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012) (noting we resolve ineffectiveness claims on appeal only when the record is adequate).

**AFFIRMED.**